**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2852
_____

CHATARDEEP SINGH,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-942-183)
Immigration Judge:  Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 3, 2024
Before:  KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: June 11, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Chatardeep Singh, a citizen of India, has filed a pro se petition for review of a decision of the Board of Immigration Appeals ("BIA") denying his second motion to reopen his immigration proceedings. We will deny the petition for review.

The Department of Homeland Security initiated removal proceedings against Singh in 2013. Singh, through counsel, conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Singh expressed a fear of returning to India, alleging that on two occasions in 2013 he was attacked and beaten for being a member of India's Mann political party. After a 2016 hearing on the merits, the Immigration Judge ("IJ") issued a written decision denying all relief. Singh unsuccessfully appealed the IJ's decision to the BIA, after which he petitioned this Court for review. We denied relief. See Singh v. Att'y Gen., 746 F. App'x 136 (3d Cir. 2018).

In August 2019, Singh filed with the BIA a counseled motion to reopen proceedings based upon changed circumstances. The BIA denied the motion, concluding that Singh had not established a change in country conditions sufficient to warrant reopening under 8 U.S.C. § 1229a(c)(7)(C)(ii). Singh petitioned this Court for review, but the proceeding was dismissed after Singh failed to file a timely opening brief. See C.A. No. 20-1453; see also F.R.A.P. 3(a); 3d Cir. L.A.R. Misc. 107.2(b).

In April 2022, Singh, through counsel, filed a second motion to reopen with the BIA, seeking to reapply for asylum, change status, and stay removal. In support, he asserted "changed circumstances in that the respondent is eligible to have his status

2

adjusted and procure his green card by virtue of being married to a USC spouse with pending I-130 and [I-]485 applications." A.R. at 13; see also A.R. at 19-20. On September 13, 2023, the BIA denied the motion as time- and number-barred. See A.R. at 2-3. The BIA acknowledged Singh's assertion of changed circumstances, but concluded that Singh failed to explain "what has changed [in India] since we denied his last motion or how he can now meet the requirements for the exception at issue." A.R. at 7. It further concluded that Singh had not demonstrated exceptional circumstances that would warrant discretionary sua sponte reopening. Id. at 7-8. Singh filed a timely petition for review.

We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252(a). Darby v. Att'y Gen., 1 F.4th 151, 159 (3d Cir. 2021). We review the decision for an abuse of discretion and will not disturb it unless it is arbitrary, irrational, or contrary to law. Id.[1]

Generally, a noncitizen may file only one motion to reopen removal proceedings, and that motion must be filed no later than ninety days after the agency's final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); see also 8 C.F.R. § 1003.2(c)(2). The time and numerical limitations do not apply, however, to motions

---

[1] The sole decision before this Court is the BIA's September 13, 2023 decision. See Pet. for Review, ECF No. 1-1 at 1-2. To the extent Singh's opening brief can be interpreted as challenging the BIA's February 4, 2020 denial of his first petition for review, see ECF No. 12 at 6, that decision is not properly before the Court. As noted above, Singh previously petitioned this Court for review of that decision, but the proceeding was dismissed after Singh failed to file his opening brief. Nor would a petition for review of that order be timely. See 8 U.S.C. § 1252(b)(1).

seeking reopening "based on changed circumstances arising in the country of nationality" and supported by material evidence that was not available during the previous proceeding. 8 U.S.C. § 1229a(c)(7)(C)(ii)); see also 8 C.F.R. § 1003.2(c)(3)(ii). "This changed-circumstances regulation effectively creates a procedural hurdle that must be overcome before an untimely motion to reopen may be considered." Bamaca-Cifuentes v. Att'y Gen., 870 F.3d 108, 111 (3d Cir. 2017).

The BIA denied Singh's motion to reopen on the grounds that the motion was both untimely and number-barred. Singh's opening brief fails to address these conclusions.[2] As a result, we agree with the Government that Singh has forfeited any meaningful challenge to the BIA's decision. See United States v. Heatherly, 985 F.3d 254, 270 (3d Cir. 2021). Nonetheless, we have reviewed the decision and conclude that the BIA did not abuse its discretion in determining that Singh's motion to reopen was time- and number-barred and that he did not establish that an exception to these limitations applied.

Here, the final administrative order of removal was entered in April 2017. Therefore, Singh's second motion to reopen, filed in April 2022, was clearly time- and number-barred. Singh conceded as much to the BIA in his motion to reopen. See A.R. at 13 (acknowledging that the motion was "numerically and time barred"). While Singh

---

[2] Singh's opening brief also fails to challenge the BIA's denial of sua sponte reopening. Even if the brief, broadly construed, could be read to raise such a challenge, with limited exceptions not applicable here, "we generally lack jurisdiction to review a BIA decision declining to exercise its discretion to sua sponte reopen a removal proceeding." Aristy-Rosa v. Att'y Gen., 994 F.3d 112, 114 n.2 (3d Cir. 2021); see also Darby v. Att'y Gen., 1 F.4t 151, 164 (3d Cir. 2021) (explaining two exceptions to the general rule of lack of jurisdiction).

asserted an exception based on changed circumstances, and provided evidence of changed personal circumstances, the BIA correctly concluded that Singh failed to provide any new evidence regarding changes in country conditions in India.[3]

Accordingly, we will deny the petitions for review.

---

[3] Rather than challenging the basis for the BIA's decision, Singh requests that this Court take judicial notice of the change in circumstances of "pro Khalistan Sikhs in India" since the issuance of the BIA's September 13, 2023 decision. ECF No. 12 at 8. In support, Singh cites to various news articles issued after the BIA's decision. Id. at 10-20. However, this Court may not consider such new evidence of alleged changes in country conditions in reviewing the agency's decision. See 8 U.S.C. § 1252(b)(4)(A) (stating that a petition for review may be decided only on the administrative record on which the order of removal is based); see also Berishaj v Ashcroft, 378 F.3d 314, 330 (3d Cir. 2004) ("[C]ourts reviewing the determination of an administrative agency must approve or reject the agency's action purely on the basis of the reasons offered by, and the record compiled before, the agency itself.") (citation omitted). Nothing in this opinion, however, should be construed as preventing Singh from presenting this information in a new motion to the BIA to reopen. We offer no opinion on the merits of any such potential motion.